UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSHUA FREEDMAN, | ) |
| Plaintiff, | ) Civ. No. 22-1542 (RCL) |
| v. | ) |
| FEDERAL ELECTION COMMISSION, | ) MEMORANDUM IN SUPPORT OF MOTION TO DISMISS |
| Defendant. | ) |

FEDERAL ELECTION COMMISSION'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS

Lisa J. Stevenson (D.C. Bar No. 457628)
Acting General Counsel

Kevin Deeley
Associate General Counsel

Harry J. Summers
Assistant General Counsel

Greg J. Mueller (D.C. Bar No. 462840)
Attorney

COUNSEL FOR DEFENDANT
FEDERAL ELECTION COMMISSION
1050 First Street, NE
Washington, DC 20463
(202) 694-1650

January 17, 2023

**Table of Contents**

BACKGROUND ...............................................................................................................................1

    A.    The FEC and FECA's Administrative Enforcement Process ............................1

    B.    Plaintiff's Administrative Complaint and the Commission's Action in This Matter.................................................................................................3

    C.    Proceedings in the Middle District of Pennsylvania..........................................5

    D.    Plaintiff's Complaint in This Court ...................................................................6

ARGUMENT ..................................................................................................................................6

I.    THE COURT LACKS JURISDICTION BECAUSE PLAINTIFF'S COMPLAINT IS TIME-BARRED ................................................................................6

II.    THE COURT LACKS JURISDICTION BECAUSE PLAINTIFF FAILS TO SHOW HE HAS STANDING..................................................................10

CONCLUSION..............................................................................................................................15

Plaintiff Joshua Freedman's action challenging the Federal Election Commission's ("Commission" or "FEC") dismissal of his administrative complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1) because this Court lacks subject matter jurisdiction for two reasons. First, although plaintiff previously filed an action challenging the dismissal of his administrative complaint in a different judicial district, he failed to file this action within the 60-day time-period when any judicial review of such a dismissal must be sought in this District under 52 U.S.C. § 30109(a)(8). That judicial review provision is jurisdictional and strictly applied. *See Jordan v. FEC*, 68 F.3d 518, 519 (D.C. Cir. 1995). Second, even if plaintiff had filed his complaint within the jurisdictional period, he alleges only an abstract, general desire to see the law enforced against an alleged violator, rather than the "concrete and particularized" injury that is required to establish Article III standing. *Carney v. Adams*, __ U.S. __, 141 S. Ct. 493, 498 (2020) (internal quotation marks omitted) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). As a result, plaintiff's complaint should be dismissed.

## BACKGROUND

### A.   The FEC and FECA's Administrative Enforcement Process

The FEC is a six-member, independent agency of the United States government with "exclusive jurisdiction" to administer, interpret, and civilly enforce the Federal Election Campaign Act ("FECA"). *See generally* 52 U.S.C. §§ 30106, 30107. Congress authorized the Commission to "formulate policy" with respect to FECA, *id.* § 30106(b)(1); "to make, amend, and repeal such rules . . . as are necessary to carry out the provisions of [FECA]," *id.* §§ 30107(a)(8), 30111(a)(8); and to investigate possible violations of FECA, *id.* § 30109(a)(1)-(2).

The Commission has exclusive jurisdiction to initiate civil enforcement actions for violations of FECA in the United States district courts. *Id.* §§ 30106(b)(1), 30109(a)(6).

FECA provides that decisions of the Commission "with respect to the exercise of its duties and powers under the provisions of th[e] Act shall be made by a majority vote of the members of the Commission," and that certain specified actions require "the affirmative vote of 4 members of the Commission." 52 U.S.C. § 30106(c). As explained in greater detail below, the decision to open an investigation or take other statutory steps in the process of enforcing FECA thus requires the assent of at least four Commissioners. 52 U.S.C. §§ 30106(c), 30107(a)(6), (9).

FECA permits any person to file an administrative complaint with the Commission alleging a violation of the statute. 52 U.S.C. § 30109(a)(1); *see also* 11 C.F.R. § 111.4. After reviewing the complaint and any response filed by the respondent, the Commission considers whether there is "reason to believe" that FECA has been violated. 52 U.S.C. § 30109(a)(2). If at least four of the FEC's Commissioners vote to find such reason to believe, the Commission may investigate the alleged violation. *Id.* §§ 30106(c), 30109(a)(2).

If the Commission votes to proceed with an investigation, it then must determine whether there is "probable cause" to believe that FECA has been violated. 52 U.S.C. § 30109(a)(4)(A)(i). Like a reason-to-believe determination, a determination to find probable cause to believe that a violation of FECA has occurred requires an affirmative vote of at least four Commissioners. *Id.* §§ 30106(c), 30109(a)(4)(A)(i). If the Commission so votes, it is statutorily required to attempt to remedy the violation informally and attempt to reach a conciliation agreement with the respondent. *Id.* § 30109(a)(4)(A)(i). Entering into a conciliation agreement requires an affirmative vote of at least four Commissioners and such an agreement, unless violated, operates as a bar to any further action by the Commission related to the violation underlying that

agreement. *Id.* If the Commission is unable to reach a conciliation agreement, FECA authorizes the agency to institute a *de novo* civil enforcement action in federal district court. *Id.* § 30109(a)(6)(A). The institution of a civil action under section 30109(a)(6)(A) requires an affirmative vote of at least four Commissioners. *Id.* § 30106(c).

If the Commission dismisses an administrative enforcement matter, FECA provides that a complainant "aggrieved" by the dismissal "may file a petition with the United States District Court for the District of Columbia" to obtain judicial review. *See id.* § 30109(a)(8)(A) (detailing the procedure for seeking judicial review of an administrative dismissal and the scope of such review). That statutory provision also allows a party who has filed an administrative complaint with the Commission to bring a civil action in this District alleging that the Commission has "fail[ed] to act" on its complaint within 120 days. *Id.* § 30109(a)(8)(A).

FECA expressly limits the scope of relief available to a plaintiff challenging an FEC dismissal decision or alleging that the Commission has failed to act on an administrative complaint. The reviewing court may only (a) declare that the Commission's dismissal or failure to act was "contrary to law" and (b) order the Commission to "conform with" the court's declaration within 30 days. 52 U.S.C. § 30109(a)(8)(C). If the Commission does not conform with such an order, the original administrative complainant may bring "a civil action to remedy the violation involved." *Id.*

### B. Plaintiff's Administrative Complaint and the Commission's Action in This Matter

Mr. Freedman filed a three-page administrative complaint with the FEC in October of 2020. Admin. Compl., FEC Matter Under Review ("MUR") 7811 (Oct. 5, 2020), https://www.fec.gov/files/legal/murs/7811/7811_01.pdf. The administrative complaint pointed to alleged examples of deleted posts and user suspensions on the online platform Reddit, arguing

3

that these actions by the platform constituted unreported contributions under FECA. *Id.* at 1-2. In particular, the complaint stated that "the removal of negative comments, users, and coordinated groups, and the silencing of users' voices about a candidate or issue, by a campaign, PAC, or their agent is tantamount to a non-disclosed donation and surely a violation of campaign finance disclosure laws." The complaint appeared to allege that these actions were taken on behalf of "candidates, PACs and associated, coordinated groups." *Id.* at 2.

The FEC designated the administrative complaint MUR 7811. *See* FEC MUR 7811, https://www.fec.gov/data/legal/matter-under-review/7811/) (webpage providing links to administrative materials).[1] The Commission notified the respondent Reddit of the complaint, and in April 2021, the Office of General Counsel submitted a First General Counsel's Report to the Commission regarding the allegations in the complaint. *See* FEC MUR 7811 First General Counsel's Report, https://www.fec.gov/files/legal/murs/7811/7811_03.pdf. In particular, the Report recommended that the Commission find no reason to believe Reddit had made in-kind contributions in violation of 52 U.S.C. § 30118(a) and 11 C.F.R. § 114.2(b), provisions which generally bar corporate contributions in connection with federal elections. *See* FEC MUR 7811 First General Counsel's Report at 2.

On January 25, 2022, after considering the above information, the Commission determined by a vote of 5-0 to find no reason to believe that Reddit had made prohibited in-kind contributions in violation of 52 U.S.C. § 30118(a) and 11 C.F.R. § 114.2(b), and to close the file. *See* FEC MUR 7811 Certification, https://www.fec.gov/files/legal/murs/7811/7811_04.pdf. The

---

[1]   Pursuant to the agency's disclosure policy, the FEC posts categories of documents integral to its decision-making process in MURs, including certifications of Commission votes, reports, and factual and legal analyses, on the public record. *See* FEC, Disclosure of Certain Documents in Enforcement and Other Matters, 81 Fed. Reg. 50,702, 50,703 (Aug. 2, 2016).

Commission also determined by a vote of 4-1 to approve the Factual and Legal Analysis recommended in the First General Counsel's Report.  *Id.*

On February 2, 2022, the Commission notified plaintiff of the dismissal of his complaint and provided the Factual and Legal Analysis supporting the Commission's findings.  (*See* Compl., Exh. 1 (ECF No. 1-1 at 3-13).)[2]  The FEC letter notifying plaintiff of this disposition, which plaintiff has attached to his court complaint here, specifically informed him that FECA "allows a complainant to seek judicial review of the Commission's dismissal of this action.  *See* 52 U.S.C. § 30109(a)(8)."  (*Id*. at 5.)  In the attached Factual and Legal Analysis, the Commission explained in detail that the agency had found no reason to believe violations occurred because the allegations in the Complaint were vague, speculative, and did not appear to specify facts that reasonably suggested Reddit had engaged in any activities for the purpose of influencing a federal election or coordinated with any candidate or committee.  (*See* Compl., Exh. 1 (ECF No. 1-1 at 4).)  The Commission's findings, responses, and certifications are all publicly available on the FEC's website.  *See* FEC MUR 7811, https://www.fec.gov/data/legal/matter-under-review/7811/.

    **C.**    **Proceedings in the Middle District of Pennsylvania**

Mr. Freedman sought judicial review of the dismissal of MUR 7811 in the Middle District of Pennsylvania on February 28, 2022.  *See* Complaint, *Freedman v. FEC,* Civ. No. 22-298 (M.D. Pa.) (Docket No. 1).  His court complaint specifically relied on 52 U.S.C. § 30109(a)(8)(A), despite that provision's requirement that any complaints seeking review of FEC dismissal decisions be filed in the District of Columbia.  (*Id*. at 3.)  As Mr. Freedman was a

---

[2] These MUR materials are also available at: https://www.fec.gov/files/legal/murs/7811/7811_05.pdf and https://www.fec.gov/files/legal/murs/7811/7811_03.pdf.

*pro se* plaintiff, pursuant to the procedures in Middle District of Pennsylvania the complaint was reviewed by a Magistrate Judge, who issued a Report and Recommendations. *Freedman v. FEC,* Civ. No. 22-298 (M.D. Pa.) (Apr. 18, 2022) (Docket No. 6). The Report concluded that Mr. Freedman did not have a cause of action in that District, and that the complaint should be either dismissed without prejudice or transferred to this Court, which was the only proper venue pursuant to section 30109(a)(8)(A). *Id.* at 2, 10-12. The Pennsylvania District Court adopted the Report and Recommendations in part, dismissing the case without prejudice on May 18, 2022. Order, *Freedman v. FEC,* Civ. No. 22-298 (M.D. Pa.) (Docket No. 7).

### D.  Plaintiff's Complaint in This Court

On May 25, 2022, plaintiff filed a two-page complaint with this Court seeking review of the Commission's dismissal of his administrative complaint in MUR 7811. (Compl. (Docket No. 1).) Plaintiff's complaint here alleges that "political comments on the public forum Reddit [] were censored and manipulated" and that he "believe[s] that the failure of the FEC to investigate [the administrative] complaint and their subsequent closing of the matter was damaging as the information that is to be publicly disclosed to voters is not being publicly disclosed." (*Id*. at 1-2.) Plaintiff's current complaint notes that his court complaint in the Middle District of Pennsylvania was dismissed "due to being filed in the wrong jurisdiction." (*Id*. at 1.)

## ARGUMENT

### I.  THE COURT LACKS JURISDICTION BECAUSE PLAINTIFF'S COMPLAINT IS TIME-BARRED

A plaintiff bears the burden of demonstrating that it has properly invoked this Court's subject-matter jurisdiction. *See Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015). An absence of subject matter jurisdiction requires dismissal under Rule 12(b)(1). As the Supreme Court has explained, "[w]ithout jurisdiction the court cannot proceed at all in any cause. . . . [W]hen

6

[jurisdiction] ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citation and internal quotation marks omitted). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Id.* at 94-95 (quoting *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382 (1884)).

Plaintiff's complaint here should be dismissed because it was filed outside of the 60-day jurisdictional window provided in 52 U.S.C. § 30109(a)(8). As noted above, plaintiff's administrative complaint to the FEC was dismissed on January 25, 2022. FEC MUR 7811 Cert. (Jan. 28, 2022), https://www.fec.gov/files/legal/murs/7811/7811_04.pdf. Under the specific terms of sections 30109(a)(8)(A) and (B), plaintiff had until 60 days later, or March 26, 2022, to file any challenge to that dismissal in "the United States District Court for the District of Columbia." Instead, well over a hundred days elapsed between the time the agency dismissed the administrative complaint and plaintiff filed his complaint in this Court on May 25, 2022.

Plaintiff's failure to timely file his complaint means this Court lacks jurisdiction and the case must be dismissed under Rule 12(b)(1). The limitations period in section 30109(a)(8)(B) begins to run from the date of the Commission's vote to dismiss the administrative complaint. *Jordan*, 68 F.3d at 519; *CREW v. FEC,* 799 F. Supp. 2d 78, 90 (D.D.C. 2011). The Court of Appeals has held that the requirement to file within 60 days of that date is "jurisdictional and unalterable." *NRA v. FEC,* 854 F.2d 1330, 1334 (D.C. Cir. 1988). And the D.C. Circuit has repeatedly reaffirmed that the failure to file court complaints challenging FEC dismissals within the 60-day period "divests the district court of jurisdiction." *Jordan,* 68 F.3d at 519 (delay of 63 days in filing complaint compels dismissal for untimeliness); *Spannaus v. FEC*, 990 F.2d. 643, 644 (D.C. Cir. 1993).

Treating section 30109(a)(8) as jurisdictional is consistent with the Supreme Court's recent analysis of limitations periods. Noting that some courts had applied the jurisdictional label too broadly to what were really claim-processing rules designed "to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times," the Court has instructed lower courts to "look to see if there is any clear indication that Congress wanted the rule to be jurisdictional." *Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 435-36 (2011) (deadline for filing notice of appeal to Board of Veterans' Appeals not jurisdictional) (internal quotation marks omitted); *see Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514-15 (2011).

Section 30109(a)(8) meets the standard to be considered jurisdictional. In determining whether Congress intended a limitations period or other prerequisite to suit to be jurisdictional, courts proceed "by looking to the condition's text, context, and relevant historical treatment." *Menominee Indian Tribe of Wis. v. United States*, 614 F.3d 519, 524 (D.C. Cir. 2010) (citing *Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154, 166 (2010)); *Utah v. Envtl. Prot. Agency*, 765 F.3d 1257, 1259 (10th Cir. 2014) (60-day limitations period to petition for review of agency action jurisdictional). *See also Fedora v. Merit Sys. Prot. Bd.,* 848 F.3d 1013, 1016 (Fed. Cir. 2017) (*Henderson* "made clear that appeal periods to Article III courts are jurisdictional.").

FECA, in contrast to the Board of Veterans' Appeals at issue in *Henderson*, *see* 562 U.S. at 437-38, requires review in the United States District Court for the District of Columbia, an Article III court. Consequently, FECA "refer[s]" to the "jurisdiction of the [court]" more clearly than the statutory language involved in *Henderson*. *Id.* at 438 (citing *Zipes v. Trans World Airlines, Inc.* 455 U.S. 385, 394 (1982)). Indeed, section 30109(a)(8) contains a grant of jurisdiction to one specific Article III court (this one), and the provision defines and limits the

8

jurisdiction of that court in such cases. *See Actelion Pharm. Ltd. v. Kappas,* 972 F. Supp. 2d 51, 56 (D.D.C. 2013) (180-day limitations period for challenge to agency action speaks in jurisdictional terms because it defines and limits jurisdiction). And section 30109(a)(8)(C) specifies that the Court may declare an FEC dismissal contrary to law and may direct the agency to conform with its declaration. Indeed, the FECA provision is jurisdictional because "this Court would not otherwise have jurisdiction over a [section 30109(a)(8)] claim without the very statutory grant that contains the time limit." *Actelion Pharm.,* 972 F. Supp. 2d at 56. Thus, the text and context clearly show an intent for the limitations period to be jurisdictional.

With regard to the "historical treatment" of a limitations clause, the court examines how deadlines have been interpreted by courts in the past. As explained above, the D.C. Circuit has consistently treated the limitations period at issue here as jurisdictional. *See supra.* Indeed, because "filing deadlines have long been considered jurisdictional when they involve appeals to article III courts," *Utah,* 765 F.3d at 1261, section 30109(a)(8) bears more resemblance to provisions that have long been considered jurisdictional than to administrative deadlines. *See Actelion Pharm.,* 972 F. Supp. 2d at 56 (noting that the Supreme Court's interpretation of similar provisions in past years is relevant to whether a statute makes a requirement jurisdictional).

In this case, plaintiff had until March 26, 2022 to file his challenge to the dismissal of MUR 7811 in this Court, but he instead filed in the Middle District of Pennsylvania, which as he concedes was "the wrong jurisdiction." (Compl. at 1.) As the Magistrate Judge in that District noted, the Court there could have responded to the improper venue by dismissing the case or transferring it to this Court. Report and Recommendations, *Freedman v. FEC,* Civ. No. 22-298 (M.D. Pa. Apr. 18, 2022) (Docket No. 6). The District Judge chose to dismiss the case without prejudice. Order, *Freedman v. FEC,* Civ. No. 22-298 (M.D. Pa. May 18, 2022) (Docket No. 7).

Whatever the effect of a transfer may have been, that dismissal was fatal to plaintiff's claim here. The untimeliness of the filing in this Court divests the Court of subject matter jurisdiction, and this case must be dismissed with prejudice.[3]

Mr. Freedman's *pro se* status does not change the requirement that he establish subject matter jurisdiction and that he file his complaint as FECA specifies. Although *pro se* plaintiffs are in some respects held to "less stringent standards" than would be the case if they were represented by counsel, *Haines v. Kerner,* 404 U.S. 519, 520 (1972), a *pro se* plaintiff must nevertheless follow the rules governing civil actions. Indeed, in *Spannaus*, when reviewing a case dismissed because it was filed outside the same 60-day period at issue here, the D.C. Circuit determined that *pro se* status "is not a pertinent factor" because the district court's dismissal "simply respects the statutorily-fixed deadline." *Spannaus*, 990 F.2d at 645; *see also NRA*, 854 F.2d at 1336 n.l4 (compliance with 52 U.S.C. § 30109(a)(8) is a condition of subject matter jurisdiction and cannot be waived). Plaintiff's complaint should be dismissed on that basis.

## II.   THE COURT LACKS JURISDICTION BECAUSE PLAINTIFF FAILS TO SHOW HE HAS STANDING

A motion to dismiss for lack of standing is also properly considered under Rule 12(b)(1), as lack of standing is a "defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987); *M.J. v. District of Columbia*, 401 F. Supp. 3d 1, 7-8 (D.D.C. 2019). When deciding a motion under Rule 12(b)(1), a court must accept all well-pleaded factual allegations in

---

[3] Even if the 60-day filing period were not jurisdictional, this case should still be dismissed for failure to state a claim under Rule 12(b)(6). Section 30109(a)(8)(B) provides that any claim challenging an FEC dismissal of an administrative complaint "shall be filed [] within 60 days after the date of the dismissal," section 30109(a)(8)(A) requires that it be filed "with the United States District Court for the District of Columbia," and "claim-processing rules must be enforced . . . ." *Hamer v. Neighborhood Hous. Servs. of Chicago*, __ U.S. __, 138 S. Ct. 13, 17 (2017).

the complaint as true. *See Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005). Because the court has "an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority," however, the factual allegations in the complaint "will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge of the Fraternal Ord. of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13-14 (D.D.C. 2001) (internal quotation marks omitted); *see also Nat'l Ass'n for Latino Cmty. Asset Builders v. Consumer Fin. Prot. Bureau*, 581 F. Supp. 3d 101, 104 (D.D.C. 2022) (same). As the party bringing suit, Mr. Freedman bears the burden of establishing standing. *Attias v. Carefirst, Inc.*, 865 F.3d 620, 625 (D.C. Cir. 2017).

To demonstrate Article III standing at the threshold of a case, a plaintiff must plausibly allege three familiar requirements. "First, the plaintiff must have suffered an injury-in-fact, meaning an injury that is 'concrete and particularized' and 'actual or imminent' not 'conjectural or hypothetical.'" *Carney v. Adams*, __ U.S. __, 141 S. Ct. 493, 498 (2020) (internal quotation marks omitted) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, (1992)). Second, the plaintiff must show "causation — that is, the plaintiff must plausibly allege that the injury is 'fairly traceable' to the challenged conduct of the defendant." *Carney,* 141 S. Ct. at 498; *Comm. on Judiciary of U.S. House of Representatives v. McGahn*, 968 F.3d 755, 763 (D.C. Cir. 2020) (en banc). Third, the injury must be "redressable by a favorable ruling" by the court. *Id.* These three components of the Article III "case or controversy" requirement are designed to ensure that the "plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant *his* invocation of federal court jurisdiction and to justify [the] exercise of the court's remedial powers on his behalf." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 38 (1976) (internal quotation marks omitted).

Standing "focuses on the complaining party to determine 'whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.'" *Am. Legal Found. v. FCC,* 808 F.2d 84, 88 (D.C. Cir. 1987) (quoting *Warth v. Seldin,* 422 U.S. 490, 498 (1975)). Thus, courts "may not entertain suits alleging generalized grievances that agencies have failed to adhere to the law." *Freedom Republicans, Inc. v. FEC*, 13 F.3d 412, 415 (D.C. Cir. 1994); *see also Spokeo, Inc. v. Robins*, __ U.S. __, 136 S. Ct. 1540, 1549 (2016) ("Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement" whenever a statute grants a right and authorizes a lawsuit because "Article III standing requires a concrete injury even in the context of a statutory violation."). A plaintiff must demonstrate "that he has 'a personal stake in the outcome,' . . . distinct from a 'generally available grievance about government.'" *Gill v. Whitford*, __ U.S. __, 138 S. Ct. 1916, 1923 (2018) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962) and *Lance v. Coffman*, 549 U.S. 437, 439 (2009)).

Where a plaintiff asserts a procedural right, he must still show that he has suffered a personal and particularized injury that impairs one of his concrete interests. *Int'l Bhd. of Teamsters v. TSA*, 429 F.3d 1130, 1135 (D.C. Cir. 2005). Despite the fact that Congress passed section 30109(a)(8)(A)'s judicial review provision, "[i]t makes no difference that the procedural right has been accorded by Congress." *Summers v. Earth Island Inst.,* 555 U.S. 488, 497 (2009). "[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation — a procedural right *in vacuo* — is insufficient to create Article III standing." *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009). "While 'Congress can create a legal right . . . the interference with which will create an Article III injury,' . . . Congress cannot . . . create standing by conferring 'upon *all* persons . . . an abstract, self-contained, noninstrumental

12

'right' to have the Executive observe the procedures required by law.'" *Common Cause v. FEC*, 108 F.3d 413, 418 (D.C. Cir. 1997) (quoting *Lujan*, 504 U.S. at 573) (internal citation omitted); *see also Campaign Legal Ctr. v. FEC*, No. 20-5159, 860 Fed. Appx. 1, *4 (D.C. Cir. May 11, 2021) ("[A]n interest 'in proper administration of the laws (specifically, in agencies' observance of a particular, statutorily prescribed procedure)' is a generic interest in good government that is shared equally by all citizens and does not amount to a concrete or particularized Article III injury." (internal citation omitted)).

Particularized means that "the injury must affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1.  And when, as here, "a plaintiff's asserted injury arises from the government's allegedly unlawful regulation (or lack of regulation) of *someone else*," standing is "substantially more difficult" to establish.  *Id*. at 562; *accord Common Cause v. FEC*, 108 F.3d 413, 417 (D.C. Cir. 1997); *see also Linda R.S. v. Richard D. and Texas*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")

In this case, plaintiff cannot rely merely on his desire for an investigation of the violations alleged in the administrative complaint in MUR 7811 to establish Article III standing.  A plaintiff's interest in "seeing that the laws are enforced" is not "legally cognizable within the framework of Article III." *Sargent v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *see Lujan*, 504 U.S. at 573-74.  Here, the Commission evaluated plaintiff's administrative complaint and the only recognizable allegations that were discerned were of the prohibition on in-kind corporate contributions.  *See supra* pp.4-5.  The Commission then found no reason to believe Reddit had made any such contributions.  *Id.*  Plaintiff does not allege that that determination in and of itself caused him any particular injury, nor that a successful enforcement action based on plaintiff's

13

allegation of prohibited corporate contributions would redress any such harm. *See Citizens for Resp. & Ethics in Wash. ("CREW") v. FEC*, 267 F. Supp. 3d 50, 53 (D.D.C. 2017) ("Plaintiffs have alleged no facts that they were harmed by the money spent by Murray Energy PAC or by the direct donations that Murray Energy employees gave."). Abstract concerns about law enforcement alone cannot support standing, as there is no "justiciable interest in having the Executive Branch act in a lawful manner," *Common Cause*, 108 F.3d at 419, and plaintiff has no Article III right to seek "a legal conclusion that carries certain law enforcement consequences" for others. *Wertheimer v. FEC,* 268 F.3d 1070, 1075 (D.C. Cir. 2001).

Plaintiff has arguably made vague allegations of informational injury, but this too is insufficient to show standing here. Plaintiff claimed in his administrative complaint that Reddit's activity was "tantamount to a non-disclosed donation and surely a violation of campaign finance disclosure laws," Admin. Compl. at 2, and he alleges here that "the failure of the FEC to investigate . . .was damaging as the information that is to be publicly disclosed to voters is not being publicly disclosed" (Compl. at 2). But plaintiff does not even allege a concrete statutory requirement. This is unsurprising in the area of corporate contributions since they are prohibited. Plaintiff also does not allege that he himself is such a voter, much less explain what information would be disclosed as a result of such an investigation or how that would affect him in particular. Further, plaintiff does not specify how he would use any information disclosed.

Thus, plaintiff fails to show how the lack of investigation of the allegations in the administrative complaint has caused an injury that affects *him* "in a personal and individual way." *Lujan,* 504 U.S. at 560 n.1. *See also CREW*, 267 F. Supp. 3d at 53 ("easily" dismissing claims because plaintiffs "have not alleged any injury in fact arising from [the alleged

wrongdoing]"). On the contrary, plaintiff explicitly ties the injury he does claim to the broader public, not him individually. (Compl. at 2 (citing "information that is to be disclosed to voters").) His general desire to have the FEC pursue the administrative respondent is not a legally cognizable injury, as that was the precise interest held insufficient in *Common Cause*. *See* 108 F.3d at 418; *see also Wertheimer*, 268 F.3d at 1074-75.

Plaintiff may have a genuine interest in learning more about activity he alleges was unlawful, but his complaint makes clear that is the same interest the broader public shares. Such an interest falls far short of the requirement that the alleged injury-in-fact must be an "invasion of a legally protected interest" that is "concrete and particularized" as well as "actual or imminent," not "conjectural" or "hypothetical." *Lujan*, 504 U.S. at 560. Plaintiff fails to "clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." *Rempfer v. Sharfstein*, 583 F.3d 860, 868-69 (D.C. Cir. 2009) (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)). And any general desire "for the Commission to 'get the bad guys'" is not a legally cognizable interest. *Common Cause*, 108 F.3d at 418. Thus, plaintiff has not alleged a concrete and particularized injury from the dismissal of his administrative complaint, and he has failed to demonstrate Article III standing.

## CONCLUSION

For all the foregoing reasons, the Court should dismiss plaintiff's complaint for lack of jurisdiction.

Respectfully submitted,

Lisa J. Stevenson (D.C. Bar No. 457628)  /s/ Greg J. Mueller
Acting General Counsel                    Greg J. Mueller (D.C. Bar No. 462840)
lstevenson@fec.gov                         Attorney
                                           gmueller@fec.gov

Kevin Deeley
Associate General Counsel
kdeeley@fec.gov

Harry J. Summers
Assistant General Counsel
hsummers@fec.gov

COUNSEL FOR DEFENDANT
FEDERAL ELECTION COMMISSION
1050 First Street, NE
Washington, DC 20463
(202) 694-1650

January 17, 2023