UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSHUA FREEDMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 22-cv-01542 (RCL) |
| | ) |
| FEDERAL ELECTION | ) |
| COMMISSION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on Defendant the Federal Election Commission's Motion to Dismiss the Complaint, ECF No. 11, pursuant to Federal Rule of Civil Procedure 12(b)(1), for want of subject matter jurisdiction. Consideration of the pending Motion could potentially dispose of the case in this Court. Therefore, the Court advises the Plaintiff Joshua Freedman, who is proceeding *pro se*, of the following obligations that he must undertake under the Federal Rules of Civil Procedure and the Local Civil Rules of this Court. *See Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988) (holding that a *pro se* party must be advised of consequences of failing to respond to a dispositive motion, including "an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case").

The Plaintiff's attention is directed to Local Civil Rule 7, which governs the time within which an opposition to a dispositive motion, such as a motion to dismiss, must be filed, as well as the consequences of failure to file any opposition. This Rule states, in pertinent part:

> Within . . . such . . . time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the court may treat the motion as conceded.

3

D.C. LCvR 7(b). Note that the method of computing any time period specified in the Rules or Order is set forth in Rule 6 of the Federal Rules of Civil Procedure. The Court may choose to treat as conceded any motion not opposed within the time limits put in place, or instead choose to consider on the merits any such motion. The Court also may treat as conceded any unopposed arguments that a defendant has advanced in support of a motion to dismiss. *See Hopkins v. Women's Div., General Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003), *aff'd*, 98 Fed. App'x. 8 (D.C. Cir. 2004) (citing *FDIC v. Bender*, 127 F.3d 58, 67–68 (D.C. Cir. 1997) (other citation omitted)). Consequently, failure to timely respond to the Defendant's Motion to Dismiss in this case carries with it the risk that the case will be resolved in the Defendant's favor without the Plaintiff's input.

The Defendant has also filed a Consent Motion to Defer, ECF No. 12, the filing of the certified list of the contents of the administrative record and the transmission of the record to the Plaintiff. As here, in cases where a plaintiff seeks judicial review of administrative actions, the Court's Local Rules generally require an agency to file a certified list of the contents of the administrative record contemporaneously with the filing of a dispositive motion, "unless otherwise ordered by the Court." D.C. LCvR 7(n)(1). The Defendant contends that the filing of the administrative record should be deferred while the parties brief, and the Court ultimately resolves, the pending Motion to Dismiss, because the Court can, and should, determine the issue of subject matter jurisdiction as a threshold issue based on the Plaintiff's Complaint and the public record. Upon review, the Court finds that good cause exists for the Defendant's request to defer, and given the Plaintiff's consent to same, the Motion will be granted.

Accordingly, it is

**ORDERED** that the Plaintiff shall respond to the Defendant's Motion to Dismiss, ECF No.

3

11, on or before **February 20, 2023.**  The Plaintiff's failure to comply with his obligations under the Federal Rules of Civil Procedure and the Local Rules of this Court carries the risk that the Motion will be granted, and the claims against the Defendant will be dismissed.  It is further

**ORDERED** that the Defendant's Consent Motion to Defer, ECF No. 12, is **GRANTED**.  The Court hereby **DEFERS** the filing and exchange of the certified administrative record until the pending Motion to Dismiss, ECF No. 11, is fully briefed and resolved.

**SO ORDERED.**

Date:  January 18, 2023

_____/s/_____
ROYCE C. LAMBERTH
Senior United States District Judge