UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSHUA FREEDMAN, | ) |
| | ) |
| Plaintiff, | ) Civ. No. 22-1542 (RCL) |
| | ) |
| v. | ) |
| | ) REPLY IN SUPPORT OF |
| FEDERAL ELECTION COMMISSION, | ) MOTION TO DISMISS |
| | ) |
| Defendant. | ) |

**FEDERAL ELECTION COMMISSION'S REPLY
IN SUPPORT OF ITS MOTION TO DISMISS**

Lisa J. Stevenson (D.C. Bar No. 457628)
Acting General Counsel

Kevin Deeley
Associate General Counsel

Harry J. Summers
Assistant General Counsel

Greg J. Mueller (D.C. Bar No. 462840)
Attorney

COUNSEL FOR DEFENDANT
FEDERAL ELECTION COMMISSION
1050 First Street, NE
Washington, DC 20463
(202) 694-1650

March 6, 2023

The Federal Election Commission's ("FEC") Motion to Dismiss ("Mot.") (Docket Nos. 11, 11-1) demonstrated that this case should be dismissed on two independent grounds, and plaintiff's opposition does not show otherwise. First, plaintiff has failed to file this action within the 60-day jurisdictional period when judicial review may be sought under 52 U.S.C. § 30109(a)(8). Second, plaintiff's complaint presents only a generalized interest in law enforcement that is insufficiently concrete and particularized to establish Article III standing. In his Response to Motion to Dismiss ("Response") (Docket No. 15), plaintiff does not dispute that he filed this case outside the 60-day jurisdictional period. Nor does he attempt to show a particularized injury that might give him standing in this case. Instead, plaintiff basically urges the Court to proceed to the merits as a discretionary matter because of his *pro se* status and his view of the importance of the case. But plaintiff has failed to show that the Court has the discretion to consider a late-filed complaint under 52 U.S.C. § 30109(a)(8). And he provides no basis to disregard his failure to allege an injury sufficient to establish Article III standing, which all plaintiffs must have to proceed in federal court. The FEC's motion to dismiss should be granted.

1.   The FEC has shown that plaintiff's complaint here should be dismissed because it was filed outside of the 60-day jurisdictional window provided in 52 U.S.C. § 30109(a)(8). (Mot. at 6-10.) Plaintiff's failure to file his complaint in this Court within this window means — under this Circuit's well-established precedent — that the Court lacks jurisdiction and the case must be dismissed. *See id.*; *Jordan v. FEC*, 68 F.3d 518, 519 (D.C. Cir. 1995); *Nat'l Rifle Assn. of Am. v. FEC,* 854 F.2d 1330, 1334 (D.C. Cir. 1988); *Spannaus v. FEC*, 990 F.2d. 643, 644 (D.C. Cir. 1993) (per curiam). In his Response, plaintiff concedes that "it is true that the complaint may be time-barred," but argues that he "may not have been aware of the

applicable deadline," and that since he is a *pro se* litigant, the Court should "exercise its discretion to consider the merits of the complaint" rather than dismissing it.  (Resp. at 1.)  It is true that a certain amount of consideration for *pro se* plaintiffs is appropriate in some contexts, but because of the well-established precedent confirming that the deadline set by section 30109(a)(8) is jurisdictional in nature, the Court lacks the authority to exercise discretion here as plaintiff urges.  Furthermore, the D.C. Circuit has specifically considered whether *pro se* status should afford some extra consideration when a case is filed outside the same 60-day period in Section 30109(a)(8), but it determined that *pro se* status "is not a pertinent factor" because dismissal "simply respects the statutorily-fixed deadline."  *Spannaus*, 990 F.2d at 645.  Filing within 60 days is a condition of subject matter jurisdiction, and plaintiff's admitted failure to do so here requires dismissal.

        2.       The FEC has also shown that plaintiff lacks Article III standing.  (Mot. at 10-15.)  In particular, the agency's determination in the administrative enforcement proceedings at issue here did not cause plaintiff any particular injury, nor would proceeding with an enforcement action redress any such harm.  *See* Mot. at 13-14; *Citizens for Resp. & Ethics in Wash. v. FEC*, 267 F. Supp. 3d 50, 53 (D.D.C. 2017); *Common Cause v. FEC*, 108 F.3d 413, 419 (D.C. Cir. 1997) (per curiam); *Wertheimer v. FEC,* 268 F.3d 1070, 1075 (D.C. Cir. 2001).  In his Response, plaintiff emphasizes his view of the importance of his claims on the merits, and he appears to argue that he has statutory standing, noting that he was "a party to the original [administrative] complaint" under 52 U.S.C. § 30109(a)(8).  But the FEC has not disputed his statutory standing.

        Plaintiff does not attempt to establish Article III standing.  Instead, his abstract concerns about the general importance of the issues he has raised and "ensur[ing] that campaign finance

laws are upheld" (Response at 2) reflect just the sort of "generic interest in good government that is shared equally by all citizens and does not amount to a concrete or particularized Article III injury." *Campaign Legal Ctr. v. FEC*, 860 F. App'x. 1, *4 (D.C. Cir. 2021).

Plaintiff asks, "If I don't have standing, then who does?" (Resp. at 2), but that is insufficient. As a factual matter, plaintiff has not shown why his claim to Article III standing is as strong as any others would be with regard to the conduct at issue, but more fundamentally, whether others may have standing does not establish that plaintiff has it. As the Supreme Court has explained, even "the assumption that if respondents have no standing to sue, no one would have standing, is not a reason to find standing." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 420 (2013) (quoting *Valley Forge Christian Coll. v. Am. United for Separation of Church and State, Inc.,* 454 U.S. 464, 489 (1982)). Thus, even if plaintiff were correct that no one else would have Article III standing to challenge the conduct at issue here, that would not give the Court jurisdiction to proceed with this case.

Because plaintiff filed this case outside of the 60-day jurisdictional time period, and because he has failed to show Article III standing, the Court should dismiss his complaint.

Respectfully submitted,

| | |
|---|---|
| Lisa J. Stevenson (D.C. Bar No. 457628)<br>Acting General Counsel<br>lstevenson@fec.gov | /s/ Greg J. Mueller<br>Greg J. Mueller (D.C. Bar No. 462840)<br>Attorney<br>gmueller@fec.gov |
| Kevin Deeley<br>Associate General Counsel<br>kdeeley@fec.gov | COUNSEL FOR DEFENDANT<br>FEDERAL ELECTION COMMISSION<br>1050 First Street, NE<br>Washington, DC 20463<br>(202) 694-1650 |
| Harry J. Summers<br>Assistant General Counsel<br>hsummers@fec.gov | March 6, 2023 |

## CERTIFICATE OF SERVICE

I certify that on March 6, 2023, pursuant to Local Civil Rule 5.4(d)(2), I caused to be served the foregoing Federal Election Commission's Reply in Support of its Motion to Dismiss. It was sent by the means specified to the addresses listed below.

<u>Via Regular First-Class Mail</u>
Joshua Freedman
49 Sample Bridge Rd
Mechanicsburg, PA 17050

<u>Via Email</u>
Joshua Freedman
freedman.joshua@gmail.com


<u>/s/ *Greg J. Mueller*</u>
Greg J. Mueller (D.C. Bar No. 462840)