UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSHUA FREEDMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-cv-01542 (RCL) |
| | ) |
| FEDERAL ELECTION COMMISSION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Currently before the Court is the Motion to Dismiss, ECF No. 11, pursuant to Federal Rule 12(b)(1), and a Memorandum in Support ("MTD Mem."), ECF No. 11-1, filed by Defendant, the Federal Election Commission ("the Commission"). In response, Plaintiff Joshua Freedman, proceeding *pro se*, submitted an Opposition ("Opp'n"), ECF No. 15, to which the Commission has filed a Reply, ECF No. 16. For the reasons explained below, the Commission's Motion to Dismiss will be granted and this case will be dismissed for want of subject matter jurisdiction.

## BACKGROUND

The Commission is an independent agency possessing exclusive jurisdiction to administer, interpret, and enforce the Federal Election Campaign Act of 1971 ("FECA"). *See generally* 52 U.S.C. §§ 30106, 30107. It is also tasked with the formulation of related policy and rules, *see id.* §§ 30106(b)(1), 30107(a)(8), 30111(a)(8), the investigation of potential violations of those rules, and, if necessary, the initiation of civil enforcement actions for such violations, *see id.* §§ 30109(a)(1)-(2), (a)(6), 30106(b)(1). The FECA allows a claimant to file an administrative complaint with the Commission alleging a violation of the statute. *See id.* § 30109(a)(1); *see also*

11 C.F.R. § 111.4. After review of the record, the Commission determines whether there is "reason to believe" that FECA has been violated, i.e., probable cause for an investigation. *See* 52 U.S.C. § 30109(a)(2).

Plaintiff filed an Administrative Complaint ("Admin Compl.") with the Commission on October 5, 2020. MTD Mem. at 3 (citing the Admin. Compl., dated 10/5/20) (available at https://www.fec.gov/data/legal/matter-under-review/7811/, the Commission's website with links to the administrative record) ("Admin. Link") (last visited on 8/18/23). In the Administrative Complaint, Plaintiff alleged that Reddit, Inc. ("Reddit"), a social news aggregation and media website, violated provisions of the FECA governing campaign finance disclosure, *see* 52 U.S.C. § 30118(a), by making prohibited and unreported in-kind corporate donations during the 2020 presidential election to unspecified federal candidates and political committees, as demonstrated by its alleged selective removal of opposing website content, *see* MTD Mem. at 3–4 (citing Admin Compl. at 1–2); *see also* Compl. Exhibits, ECF No. 1-1, at 3–13[1] (the Commission's Notice of Final Decision to Plaintiff, dated 2/2/22) ("Admin. Dec.") (also available at Admin. Link), at 3–4. In support, Plaintiff included examples of removed posts, "shadowbanned" and deleted users and comments, suspended members of certain Reddit communities, his own temporary ban from the platform for a comment relating to the Black Lives Matter movement, and the permanent ban received by a Reddit group comprised of supporters of former President Donald Trump, then a presidential candidate. *See* Admin. Dec. at 1; Admin. Compl. at 1–3, 5, 8–13. Plaintiff also conjectured that Reddit "may" have been receiving "money from the US [] Government in return of manipulation." *See* Admin. Compl. at 3.

---

[1] The Court references the ECF-generated page numbers in citing to the Complaint's Exhibits.

Upon receipt, the Commission designated the Administrative Complaint as "MUR [Matter Under Review] 7811." *See* MTD Mem. at 4 (citing generally to Admin. Link). The Commission then notified Reddit, *see id.*; *see also* Notification of Admin. Compl. to Reddit (dated 10/7/20) (available at Admin. Link), which did not respond,[2] *see* Compl. at 1; Opp'n at 2; Admin. Dec. at 1, and on April 28, 2021, the Office of General Counsel ("OGC") submitted a Report to the Commission, *see* MTD Mem. at 4 (citing the OGC's Report, dated 4/28/21) ("OGC Report") (available at Admin. Link).  In that Report, the OGC recommended that the Commission find that there is no reason to believe that Reddit made any in-kind corporate contributions in the federal election, and that it therefore did not violate 52 U.S.C. § 30118(a) or 11 C.F.R. § 114.2(b), both of which prohibit such contributions.  *See id*. (citing OCG Report at 2).

Upon review, on January 25, 2022, the Commission formally agreed with the OCG, finding that there was no reason to believe that Reddit had made any prohibited in-kind contributions. *See id.* at 4–5 (citing Commission Certification, dated 1/25/22) ("Com'n Cert.") (available at https://www.fec.gov/files/legal/murs/7811/7811_04.pdf (Commission's website with link to Com'n Cert.) (last visited on 8/18/23).  More specifically, the Commission found that Plaintiff's allegations were "vague, speculative, and do not appear to specify facts that reasonably suggest Reddit engaged in any activities for the purpose of influencing a federal election or coordinated with any candidate or committee." *Id*. at 5 (quoting Admin. Dec.).

---

[2]   Plaintiff focuses the fact that Reddit did not respond to the Administrative Complaint, *see* Compl. at 1; Opp'n at 2; Admin. Dec. at 1, but a respondent's participation in the administrative proceedings is voluntary, not mandatory. *See* 52 § 30109(a)(3) (indicating that, a respondent "*may*"—after receiving notification of the OGC's position to proceed to a vote on probable cause––submit a reply "on the legal and factual issues of the case[.]") (emphasis added). Moreover, Reddit's silence in the administrative action sheds no light on the issues currently before the Court.

On February 2, 2022, the Commission sent, to both Plaintiff and Reddit, Notices of Dismissal, accompanied copies of its Final Decision.  *See id.* at 5 (citing Admin. Dec.); *see also* Notice of Admin. Dec. to Reddit, dated 2/2/22 (available at Admin. Link.).  Plaintiff's Notice also advised him that he could "seek judicial review of the Commission's dismissal of this action[,] and for reference, cited to 52 U.S.C. § 30109(a)(8) (detailing the procedure for appealing to federal court).  *See id.* (citing Admin. Dec. at 5).

Shortly thereafter, on February 28, 2022, Plaintiff sought judicial review of the Commission's dismissal of his Administrative Complaint, by filing a lawsuit pursuant to 52 U.S.C. § 30109(a)(8)(A), in the United States District Court for the Middle District of Pennsylvania.  *See Freedman v. Fed. Elec. Com'n*, No. 22-cv-298, 2022 WL 1571775, at *2 (M.D. Pa. Apr. 18, 2022).  On April 18, 2022, Magistrate Judge, Hon. William I. Arbuckle, reviewed the case and issued a Report and Recommendations, and found, *inter alia*, that Plaintiff did "not have a cause of action in" the Middle District of Pennsylvania, because under § 30109(a)(8)(A), the only venue designated to handle such a claim is this District.  *See id*. at *4–*5.  Accordingly, Magistrate Judge Arbuckle recommended that the matter either be dismissed without prejudice or transferred to this District.  *See id.* at *5.  On May 18, 2022, District Judge, Hon. Sylvia H. Rambo, adopted in part the Magistrate's Report and Recommendations, and elected to dismiss the case without prejudice. *See Freedman*, No. 22-cv-298, 2022 WL 1570472, at *1 (M.D. Pa. May 18, 2022).

On May 25, 2022, Plaintiff filed a Complaint in this District, in which he again seeks review, pursuant to 52 § 30109(a)(8)(A), of the Commission's dismissal of his Administrative Complaint.  *See* Compl. at 1–2.  More specifically, he asks this Court to find that the Commission

committed error and to then remand the matter back to the Commission to initiate an investigation.[3] *See id*. In the Complaint, Plaintiff (1) acknowledges his error in originally filing for review in the wrong District, (2) reiterates his contention that "political comments on the public forum Reddit[] were censored and manipulated[,]" and (3) states his belief that "that the failure of the FEC to investigate [his] [Administrative] [C]omplaint and [its] subsequent closing of the matter was damaging as the information that is to be publicly disclosed to voters is not being publicly disclosed." *See id*. at 1–2.

## LEGAL STANDARDS

### Subject Matter Jurisdiction

"Article III of the Constitution prescribes that '[f]ederal courts are courts of limited subject-matter jurisdiction' and 'ha[ve] the power to decide only those cases over which Congress grants jurisdiction.' " *Bronner v. Duggan*, 962 F.3d 596, 602 (D.C. Cir. 2020) (alterations in original) (quoting *Al-Zahrani v. Rodriguez*, 669 F.3d 315, 317 (D.C. Cir. 2012)); *see Gunn v. Minton,* 568 U.S. 251, 256 (2013) (" 'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.' ") (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Federal courts have an obligation to ensure that they do not exceed the scope of their jurisdiction. *See Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). Relevant here, a defect in "standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987); *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)

---

[3] The FECA expressly limits the scope of relief available to a plaintiff challenging an administrative dismissal. *See* 52 U.S.C. § 30109(a)(8)(C). If a plaintiff is ultimately successful, the reviewing court may only (a) declare that the Commission's dismissal or failure to act was "contrary to law," and (b) direct the Commission to "conform with" the court's declaration within 30 days. *See id.*

5

(noting that "the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III"). Absent subject-matter jurisdiction over a case, a court must dismiss it. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506–07 (2006) (citing *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004)); Fed. R. Civ. P. 12(h)(3).

To survive a motion to dismiss under Federal Rule 12(b)(1), the plaintiff bears the burden of demonstrating a court's subject-matter jurisdiction over the claim at issue. *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015), *cert. denied*, 577 U.S. 1103 (2016); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010); *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942). When considering a motion to dismiss under Rule 12(b)(1), a court must accept as true all uncontroverted material factual allegations contained in the complaint and "'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged' and upon such facts determine jurisdictional questions." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005); *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004)). A court need not accept inferences drawn by the plaintiff, however, if those inferences are unsupported by facts alleged in the complaint or amount merely to legal conclusions. *See Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

When reviewing a challenge pursuant to Rule 12(b)(1), a court may consider documents outside the pleadings to assure itself that it has jurisdiction. *See Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947); *Haase*, 835 F.2d at 906. By considering documents outside the pleadings when reviewing a motion to dismiss pursuant to Rule 12(b)(1), a court does not convert the motion into one for summary judgment; "the plain language of Rule 12(b) permits only a 12(b)(6) motion to be converted into a motion for summary judgment" when documents extraneous to the pleadings are considered by a court. *Haase*, 835 F.2d at 905.

## **DISCUSSION**

The Commission contends that this matter must be dismissed because Plaintiff has failed to establish standing,[4] *see* MTD Mem. at 10–15, and the Court agrees. To meet the constitutional requirements of standing, a plaintiff must plead: (1) that he has suffered an "injury in fact," which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) there is a causal connection between the alleged injury and conduct at issue that is fairly traceable to the defendant; and (3) it is likely, not merely speculative, the injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560–61. Although the concept of standing "cannot be reduced to a one-sentence or one-paragraph definition[,]" *Valley Forge Christ. Coll. v. Am. United for Separation of Church and State, Inc*, 454 U.S. 464, 471 (1982), a plaintiff must at least present a dispute of "of 'sufficient immediacy and reality[,]'" *Davis v. Lib. Mut. Ins. Co*., 871 F.2d 1134, 1137 n.3 (D.C. Cir. 1989) (quoting *Golden v. Zwickler*, 394 U.S. 103, 109 (1969)), that is not based on a "hypothetical state of facts[,]" *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 241 (1937) (collecting cases).

Whether a plaintiff has standing is generally determined at the time the suit commences. *Del Monte Fresh Prod. Co. v. United States*, 570 F.3d 316, 324 (D.C. Cir. 2009); *see Lujan*, 504

---

[4] The Commission also moves to dismiss this matter as untimely. *See* MTD Mem. at 6–10. More specifically, it asserts that Plaintiff's claims are time-barred for filing this matter in this District more than 60 days after the Commission's dismissal of his Administrative Complaint, a jurisdictional deadline mandated by 52 U.S.C. § 30109(a)(8)(B). *See id*.; *see also NRA v. Fed. Elec. Com'n*, 854 F.2d 1330, 1334 (D.C. Cir. 1988) (describing this deadline as "jurisdictional and unalterable"). Notably, the Complaint would have been timely had this case been transferred to this District, rather than dismissed, and it is unclear from her Order why Judge Rambo elected to dismiss it in lieu of transfer. *See Freedman*, 2022 WL 1570472, at *1; *see also Freedman*, 2022 WL 1571775 (recommendation from Magistrate Judge Arbuckle to transfer the matter or dismiss it without prejudice). Plaintiff hints at this argument, *see* Opp'n 1, and the Court acknowledges its merits. Notwithstanding, because the Court dismisses this matter for want of standing, it need not reach the issue of its timeliness.

U.S. at 570 n.4 ("The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed.") (citation omitted). And here, "standing must be ascertained from the facts as they existed when [Plaintiff] first filed his administrative complaint with the FEC[.]" *La Botz v. Fed. Elec. Com'n*, 889 F. Supp. 2d 51, 56 (D.D.C. 2012) (citing *Natural Law Party of the U.S. v. Fed. Elec. Com'n*, 111 F. Supp. 2d 33, 50 (D.D.C. 2000)).

Notably, "[h]aving the right to file an administrative complaint with the FEC does not necessarily give Plaintiff standing to seek judicial review of the disposition of that complaint in this Court." *Citiz. for Resp. & Ethics in Wash. ("CREW") v. Fed. Elec. Com'n*, 799 F. Supp. 2d 78, 85 (D.D.C. 2011); *see also Spokeo, Inc. v. Robbins*, 578 U.S. 330, 340 (2016) (holding that "a plaintiff does not automatically satisfy the injury-in-fact requirement whenever a statute grants a right and purports to authorize a suit to vindicate it. Article III standing requires a concrete injury even in the context of a statutory violation"). The D.C. Circuit has cautioned that, "Section 30109(a)(8)(A) 'does not confer standing; it confers a right to sue upon parties who otherwise already have standing.' " *See id*. at 4 (quoting *Common Cause v. Fed. Elec. Com'n*, 108 F.3d 413, 419 (D.C. Cir. 1997). In other words, Plaintiff must establish that Reddit's alleged violations caused him concrete, particularized injury and, if the Commission initiated an enforcement action against Reddit for the alleged violations, that Plaintiff's injury would be redressed. *See CREW v. Fed. Elec. Com'n*, 267 F. Supp. 3d 50, 53 (D.D.C. 2017).

Here, Plaintiff broadly alleges that he is entitled to the information sought. *See* Compl. at 1–2; Admin. Compl. at 1–3, 5, 8–13; Opp'n at 2–3. A plaintiff may claim that he has suffered an "informational injury" if a respondent has not complied with a rule mandating the disclosure of specified information, *see FEC v. Akins*, 524 U.S. 11, 21 (1998); *Ctr. for Individual Freedom v. Van Hollen*, 694 F.3d 108, 108–09 (D.C. Cir. 2012); *Common Cause*, 108 F.3d at 417, provided

that "the statute [a plaintiff] seek[s] to enforce (or have the FEC enforce in the first instance) entitles [that plaintiff] to receive information that they intend to use in a particularized way[,]" *CREW*, 267 F. Supp. 3d at 53 (citing *Akins*, 524 U.S. at 21); *Zivotofsky ex rel. Ari Z. v. Sec'y of State*, 444 F.3d 614, 618 (D.C. Cir. 2006)).

However, here, the Commission found that the information sought does not exist because there was no reason to believe that Reddit ever made any in-kind contributions. *See* Com'n Cert. at 1; Admin. Dec. at 1, 8–11. Without indicia of any contributions, "there is now virtually no possibility that any decision by this Court could redress [Plaintiff's] injury." *La Botz v. Fed. Elec. Com'n*, 61 F. Supp. 3d 21, 29–30 (D.D.C. 2014) (citing *Nader v. Fed. Elec. Com'n*, 725 F.3d 226 (D.C. Cir. 2013), *cert. denied*, 571 U.S. 1073 (2013)). To that same end, the Court "will not require the FEC to go through the motions of a process that has already been completed when doing so would yield no new or useful information." *CREW v. Fed. Elec. Com'n*, 401 F. Supp. 2d 115, 121–22 (D.D.C. 2005) (citing *Wertheimer v. Fed. Elec. Com'n*, 268 F.3d 1070, 1074 (D.C. Cir. 2001) (stating that informational injury will not be found if a plaintiff cannot show that the legal ruling sought "might lead to additional factual information"); *Alliance for Dem. v. Fed. Elec. Com'n*, 335 F. Supp. 2d 39, 48 (D.D.C. 2004) (same)), *aff'd*, 475 F.3d 337 (D.C. Cir. 2007).

Furthermore, assuming *arguendo* that information exists as to these alleged illegal contributions, which this Court does not concede, Plaintiff does not at all indicate how he "would use that information in a way that is concrete and particularized to" him, or how precisely it would assist him as a registered voter, presuming he is one. *See CREW*, 267 F. Supp. 3d at 53 (citing *Akins*, 524 U.S. at 21). In his Opposition, Plaintiff asks, "[i]f I don't have standing, then who does?[,]" Opp'n at 2, but he leaves that hypothetical question open-ended, declining to offer any explanation as to how he would use the requested information, or even how he has been personally

injured by the alleged bad acts, *see Aetna*, 300 U.S. at 241.  Instead, he repeats the Complaint's allegations and again insists that he, and ostensibly other American voters or Reddit users,[5] have a fundamental right to know this hypothetical information as part and parcel of the democratic process.  *See* Compl. at 1–2; Admin. Compl. at 1–3, 5, 8–13; Opp'n at 2–3.  "But such an interest in knowing or publicizing that the law was violated is akin to claiming injury to the interest in seeing the law obeyed, which simply does not present an Article III case or controversy." *CREW*, 267 F. Supp. 3d at 55 (citing *Common Cause*, 108 F.3d at 418) (finding that there is no cognizable interest in knowing the FECA was violated); *Nader*, 725 F.3d at 230 (same); *Akins*, 524 U.S. at 24 (holding that mere "injury to the interest in seeing that the law is obeyed . . . deprives the case of the concrete specificity" necessary for constitutional standing in a federal court)).  And without more, "the assumption that if" Plaintiff had "no standing to sue, no one would have standing, is not a reason to find standing." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398,420 (2013) (quoting *Valley Forge*, 454 U.S. at 489).

Put differently, what Plaintiff is really seeking is a legal determination by the Commission that Reddit contributed money to particular political campaigns, and that both the contributions themselves, and Reddit's alleged failure to report them, are violations of the FECA. *See* Compl. at

---

[5]  Moreover, a *pro se* litigant can generally only represent only himself in federal court.  *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]"); *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (same); *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.,* 274 F. Supp. 2d 10, 16 (D.D.C. 2003) (same), *aff'd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No. 03-7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004), *cert. denied. sub nom. Rockefeller v. Westinghouse Elec. Co., Waste Isolation Div.*, 543 U.S. 820 (2004).  Additionally, even if Plaintiff was not proceeding *pro se*, his claims must be "individualized rather than collective." *See Spokeo*, 578 U.S. at 340 (citation omitted).

1–2; Admin. Compl. at 1–3, 5, 8–13; Opp'n at 2–3.  At root, Plaintiff asks the Commission to find, based on his conjecture alone, that Reddit broke the law.  *See id*.  "As this Circuit so aptly put it in Common Cause, what plaintiff desires is for the Commission to get the bad guys, rather than disclose information." *Jud. Watch, Inc. v. Fed. Elec. Com'n*, 293 F. Supp. 2d 41, 46–47 (D.D.C. 2003) (quoting *Common Cause*, 108 F.3d at 418) (internal quotation marks omitted).  Because Plaintiff "does not have a justiciable interest in the enforcement of the law[,]" his alleged informational injury "is not cognizable injury under FECA, sufficient to satisfy the standing requirement.  *Id.* at 47 (footnote omitted).

Likewise, Plaintiff cannot create standing by contending that the Commission erred by declining to investigate, or by generally insinuating that the federal government otherwise engaged in wrongdoing, *see* Compl. at 2; Admin. Compl. at 3; Opp'n at 2, because a court "may not entertain suits alleging generalized grievances that agencies have failed to adhere to the law[,]" *see Freed. Repub., Inc. v. Fed. Elec. Com'n*, 13 F.3d 412, 415–16 (D.C. Cir. 1994) (collecting cases), *cert. denied*, 513 U.S. 821 (1994); *Gill v. Whitford*, 138 S.Ct. 1916, 1930–32 (2018) (finding that a federal court is not "a forum for generalized grievances" regarding "governmental conduct of which [the plaintiff] does not approve."); *see also Common Cause*, 108 F.3d at 419 (holding that a plaintiff "cannot establish standing [under § 30109(a)(8)(A)] merely by asserting that the FEC failed to process its complaint in accordance with law."); *Camp. Legal Cntr.* v. *Fed. Elec. Com'n*, 860 Fed. Appx. 1, 4 (D.C. Cir. 2021) (finding that "an interest in proper administration of the laws (specifically, in agencies' observance of a particular, statutorily prescribed procedure) is a generic interest in good government that is shared equally by all citizens and does not amount to a concrete or particularized Article III injury.") (quoting *Lujan*, 504 U.S. at 576) (other citation and internal quotation marks omitted).

In summary, Plaintiff has "not even made a nominal allegation" to set forth an informational injury; he has suffered no tangible harm for which this Court may provide redress. *See Jud. Watch, Inc. v. Fed. Elec. Com'n*, 180 F.3d 277, 278 (D.C. Cir. 1999). Therefore, he lacks standing in this matter, *see id.*, and this Court is thus want of subject matter jurisdiction.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss, ECF No. 11, is GRANTED and this case is DISMISSED pursuant to Federal Rule 12(b)(1). A separate Order will be issued contemporaneously.

Date: 9/1/23

_____
ROYCE C. LAMBERTH
Senior United States District Judge